EBENEZER HANNA *against* HENRY HARTER.

ERROR *to Washington Circuit Court.*

To sustain an action on special contract, the proof must correspond substantially with the agreement, as laid in the declaration

In estimating the damages arising from a breach of contract, in failing to deliver goods according to agreement, the difference between the price agreed on, and the marketable price of the same property at the time fixed upon for the delivery, must govern the jury.

This was an action of assumpsit, upon a parol agreement, by which Hanna sold to Harter ten head of hogs, to be delivered six weeks from the date of the agreement, at Hanna's residence, upon the delivery of which, Harter was to pay him four dollars per hundred for the pork. Demurrer to the declaration being overruled, the plea of non-assumpsit was filed, and upon trial of the issue judgment was rendered in favor of the plaintiff below for nine dollars, and costs.

On the trial the court permitted the plaintiff below to prove the price at which Hanna sold his pork to other persons; and this testimony being objected to, was set out in a bill of exceptions, taken to the decision admitting it. The proof substantially sustained the contract and breach as set out in the declaration; but there was no evidence as to the marketable price of the pork at the time when Hanna should have delivered it. Motions for a new trial, and in arrest of judgment were overruled.

WALKER, for plaintiff in error:

The declaration contained no averment of special damage, and it was error to permit evidence of special damages to go to the jury; and for that cause a new trial should have been granted. In 1 *Chitty, page* 332, it is distinctly laid down, " that unless the damages be such as *necessarily* follow the breach of contract, the plaintiff must declare, specially, what injury he had sustained." Did the plaintiff *ne-*

*cessarily* sustain any damages from the breach of contract? It might have been to his interest not to complete the trade: if pork had fallen in value it certainly would: and in Saunders' Pleading and Evidence it is laid down, " that the damages to be recovered *must be proximate,* not dependent on contingency. It will be of no avail to state in the declaration that the plaintiff was prevented from completing an advantageous contract." And from the same authority, page 157, " they must, if they be not the *necessary* result of the breach of contract, appear upon the declaration, and be proven accordingly." Saunders, at the same page, and Chitty, page 296, treat of damages upon a breach of contract for not delivering goods sold, or accepting them, as special damage. The proof of the special damage was inadmissible unless the plaintiff had declared, specially, the injury; but from the declaration it is impossible to say in what the damage consists, and the whole office of the declaration is omitted. The proof does not sustain any contract, either general or special. At the time the agent applied for the pork the time of delivery had elapsed, and the defendant was bound to perform all that was required of him; that is, he must be there on the day, and hold himself ready to perform his part of the contract. Upon each of these grounds it is insisted a new trial should have been granted.

As to the other point, (the motion in arrest of judgment,) it is true the declaration claims $200 damages, but from the contract set out it is manifestly clear that the Circuit Court had no jurisdiction of the case. The defendant demurred to the declaration on this account, but as there was afterwards a plea, the defendant may not avail himself of of the objection.

In the case of *Berry vs. Linton,* decided at the July term, 1838, this court decided that where the want of jurisdiction is apparent on the record no plea is necessary; and that the contract as disclosed by the pleading, and not the sum demanded is the true criterion by which the court shall test its jurisdiction. The same decision was made at the last term of this court in the case of *Hall and Childress. vs. C. Fisher,* and is sustained by 7 *Monroe* 220, 1 *Bibb* 71, *Hardin* 444. In the case of *Frasier vs. Shuttle, Missouri Rep.* 575, " that if it be ascertained, in the progress of the trial, that the sum in contro-

Hanna *against* Harter.

versy is not within the jurisdiction of the court, no judgment can be rendered, but the suit must be dismissed." The case there cited is very strong; the suit was debt—the demand exceeded $105, but upon the trial it appeared that there was a credit on the note reducing the sum in controversy to less than $90. The court dismissed the suit. In this case, although the damages are laid to $200, still the damage on the whole breach was only $9; and the entire value of the hogs, if they had been paid for by the plaintiff, would not have exceeded $75; a less sum than would give the Circuit Court jurisdiction. The Circuit Court is of limited jurisdiction. The pleader should bring himself within that jurisdiction, and the pleading should show it; and because it does not, the motion in arrest should have been sustained.

GILCHRIST, *Contra:*

The court acted correctly in overruling the motion to exclude testimony respecting the value of pork at the time the hogs, in controversy, were to be delivered. It is one of the grounds upon which the plaintiff relies for recovery of damages in the action, and would be necessary to show he had sustained damages by a non-compliance on the part of the defendant.

The court acted correctly in refusing to grant a new trial:

First, because the defendant below shows no real or substantial reason for granting a new trial. A new trial will not be granted where the cause is litigated and damages small or inconsiderable. Nor upon the ground of newly discovered testimony unless the affidavits of the witness, whose testimony is discovered, or some other disinterested person, should accompany the application for a new trial. See *Cook's R.* 292; 3 *Hayw. R.* 104, 145; 4 *Johns.* 425.

Any exception to a juror must be made at the time of swearing. It comes too late after verdict, and forms no ground for a new trial. 5 *Hayw.* 30, 32; *Rev. Stat. Ark.* 635–6.

The court acted correctly in refusing to arrest the judgment:

1st. The plea of non-assumpsit admits the jurisdiction of the court, and sufficiency of plaintiff's declaration, and relies on the merits of the defence only.

The want of jurisdiction can be taken advantage of by plea in

abatement only. 1 *Yerger* 489; 6 *ditto* 495; 1 *Tenn.* 476; 2 *Hayw.* 51–2.

DICKINSON, *Judge*, delivered the opinion of the court:

The question of jurisdiction having already been discussed and decided in the case of *Heilman vs. Martin*, and *James Hanna vs. Henry Harter*, we consider it unnecessary to make any further remarks upon the subject than to state, that from the pleadings, the court below rightfully took cognizance of the cause.

The defendant below excepted to the opinion of the court, and spread his exceptions on the record in admitting the testimony of one of the witnesses in relation to the price of pork, which is said to be inadmissible, and therefore, illegal. The declaration sets out a special contract, and this being the case, the plaintiff is required to prove his agreement as laid. That contract is, that he bought of the defendant ten hogs, to be delivered six weeks from the date of the agreement, at the defendant's dwelling-house; and upon the delivery thereof, he was to pay the plaintiff four dollars per hundred for the pork. The proof substantially supports this allegation, though it does it in a confused and somewhat imperfect manner. The evidence shews that the plaintiff first refused to take the hogs at the price agreed on, because he could not make up a drove of fifty or sixty head; that he afterwards called again and agreed to take them; to which the defendant consented. He then sent his agent to receive the hogs upon the day appointed, but the defendant refused to deliver them, upon the ground that the agent was not legally authorized to receive them. So far the proof may be considered as sustaining the declaration.

But the enquiry still remains to be determined, what is the correct standard or criterion in regard to the amount of damages that the plaintiff is entitled to recover by reason of the non-compliance of the defendant with the *conditions of his contract?* It certainly was the difference between the price agreed on between the parties, and the marketable price of the pork at the time of the delivery at the place fixed on by the agreement. And how should this difference be

Hanna *against* Harter.

ascertained or computed? There is but one way by which it could be established. The plaintiff was bound to prove, by witnesses, what was the price of pork at the time for the delivery thereof at the place appointed; and the difference between that sum and the amount agreed to be paid by him, constituted the true damages that he was entitled to recover. This he failed to do, but proved, by a witness, that the defendant sold his pork at four dollars and fifty cents per hundred. Did the testimony, thus given, prove that was the marketable price of pork at that time and place, or in the neighborhood? Certainly not. The defendant might have sold his own pork at a greater or less sum than the ordinary selling price. But the fact of his so doing certainly does not establish the marketable price of the article. If this reasoning be correct the evidence objected was inadmissible, and therefore ought not to have been permitted to be given to the jury on the trial; and as this was all the testimony that was offered upon that point, the verdict must have been erroneous in fixing the amount of damages assessed. The judgment of the court below must, therefore, be reversed, and a new trial awarded.